WOLKERS, PLAINTIFF AND APPELLANT, *v.* MASSON, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in an Action for Alimony.

No. 1875.—Decided March 31, 1919.

JUDGMENT—OPINION.—Generally the opinion should not be relied on as a part of the judgment, but the written document purporting to be the judgment should contain all the awards, without reference to other documents. Hence the awards which appear in the opinion but are not contained in the judgment are without lawful effect.

DIVORCE—ALIMONY—ATTORNEY FEES.—A wife who brings an action for divorce has a right to claim from her husband, in a collateral action for alimony, the payment of attorney fees *pendente lite*, and the amount thereof is in the sound discretion of the court. Her attorney is entitled to receive pay for his services even if he loses the suit.

The facts are stated in the opinion.

*Messrs. José Martínez Dávila* and *Enrique Campillo* for the appellant.

*Mr. Francisco Soto Gras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant, as a first ground of error, insists that she

should not be made to seek her alimony at the house of her husband. Looking at the judgment in this case, we find that it contains no such pronouncement. It awards the appellant $40 monthly for alimony, but makes no specific mention of the place where it should be paid. The said judgment, however, does recite that the opinion forms part of the judgment. The opinion did not form part of the original transcript, but was brought here afterwards. Can we consider that opinion as part of the judgment on appeal? Section 233 of the Code of Civil Procedure requires a copy of the judgment to form part of the judgment-roll. Section 299 of the Code of Civil Procedure, as amended by Act No. 70 of March 9, 1911, p. 227, says that the record of appeal shall be constituted by the judgment-roll and the notice of appeal. The judgment-roll as made up in this case did not include the opinion as part of the judgment. This is made more evident by the notice of judgment issued by the clerk of the district court wherein he recites that a judgment had been rendered which was duly recorded (*registrada*) in the proper book. The judgment as recorded did not contain a copy of the opinion. Moreover, the recital in the judgment that the opinion forms part thereof may perhaps be construed to be a compliance with section 227, as amended, wherein the court is required to file a brief statement of fact. The opinion should not generally be relied on for a part of the judgment, but the paper writing purporting to be the judgment should contain all the dispositive pronouncements without reference to other documents.

We are inclined to think that the wife should not be required to go to her husband's house for her alimony, especially as a special depositary had been fixed for her by the court, but this *obiter* on our part is advisory rather than binding on the court below.

The court below also refused to award counsel fees *pendente lite*. We think this was error. Some compensation a

wife ought to be able to give her lawyer in order to obtain adequate representation during the litigation. The lawyer who represents her is entitled to pay for his services even if he loses the suit. The amount of it is in the reasonable discretion of the court, but as we have this day in Certiorari No. 238 allowed another order of $200 to prevail and as we are not certain whether this $200 is not the whole matter in controversy, we shall simply reverse the judgment in this regard, leaving it to the court below to fix the amount of the fees if the said $200 does not relate the fees attempted to be recovered in this case.

The judgment appealed from should be reversed in so so far as the claim in the complaint for attorney's fees is not allowed, and affirmed in other respects.

*Affirmed in part.*

Chief Justice Hernández and Justice Aldrey concurred.

Justices del Toro and Hutchison dissented on the point that the opinion of the trial court cannot be considered.